# EXHIBIT A

# CITATION ON PETITION

*DEHART, ZANOLIA*

*Versus*

*BIG EASY FOODS OF LA LLC - ET AL*



Civil Case: *0198895*
Division: *E*
*32nd Judicial District Court*
*Parish of Terrebonne*
*State of Louisiana*

### A RESIDENT OF CALCASIEU PARISH

TO:  GULF ISLAND SHRIMP AND SEAFOOD II, LLC
THROUGH ITS AGENT FOR SERVICE
THOMAS GAYLE
713 KIRBY STREET
LAKE CHARLES, LA 70602

You are named as a defendant in the above captioned matter. Attached to this citation is a:

☒ **Certified Copy of Original Petition**
☐ **Certified Copy of Amended Petition**
☐ **Discovery Request**

The petition was filed into this office on DECEMBER 14, 2023.

**YOU ARE NOTIFIED** that you must either comply with the demand contained in the attached petition or make an appearance either by filing an answer or other pleading in the 32nd Judicial District Court located at 7856 Main St., Houma, LA 70360 (P. O. Box 1569, Houma, LA 70361) within the delay provided in Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

### Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:

A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or with ten (10) days after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

### Article 1001 of the Louisiana Code of Civil Procedure states:

**A.** A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law. If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition within **thirty (30) days** after service of the amended petition.
**B.** When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within fifteen (15) days after the exception is overruled or referred to the merits, or fifteen (15) days after service of the Amended Petition.
**C.** The Court may grant additional time for answering.

### THE CLERK OF COURT'S OFFICE CANNOT PROVIDE LEGAL ADVICE.

**This Citation was issued by the Clerk for the Court for the 32nd Judicial District Court, Parish of Terrebonne, on the 28TH day of DECEMBER, 2023.**

THERESA A. ROBICHAUX
CLERK OF COURT

By: _____
Deputy Clerk of Court

Requested by: MR. LAWRENCE CENTOLA, ATTORNEY AT LAW
338 LAFAYETTE STREET, NEW ORLEANS, LA 70130
(504) 581-9065

**Returned and Filed**

_____

**Deputy Clerk of Court**


received
1/4/2024

[ SERVICE ]

| | |
|---|---|
| ZANOLIA DEHART,<br>Individually and on Behalf of a Class<br>of Similarly Situated Persons | : 32nd JUDICIAL DISTRICT COURT |
| Versus | : PARISH OF TERREBONNE |
| BIG EASY FOODS OF LA, LLC and<br>GULF ISLAND SHRIMP and<br>SEAFOOD II, LLC, | : CASE NO: _____<br>: STATE OF LOUISIANA |
| FILED: _____ | : _____<br>DEPUTY CLERK OF COURT |

## CLASS ACTION PETITION FOR DAMAGES

**NOW INTO COURT**, through the undersigned, comes **ZANOLIA DEHART,** individually and on behalf of a class of similarly situated persons, who with respect state:

### I. PARTIES

1.

Plaintiff, Zanolia Dehart, is a citizen of Louisiana, domiciled and residing in Terrebonne Parish. Plaintiff resides at 184 Rose Street, Dulac, LA 70353.

2.

Made defendants herein are:

**BIG EASY FOODS OF LA, LLC**, a Louisiana Limited Liability Company, authorized to do and doing business in Terrebonne Parish, Louisiana, which may be served through its agent for service, Mark T. Abraham, 3935 Ryan Street, Lake Charles, Louisiana, 70605;

**GULF ISLAND SHRIMP and SEAFOOD II, LLC** a Louisiana Limited Liability Company, authorized to do and doing business in Terrebonne Parish, Louisiana, which may be served through its agent for service, Thomas Gayle, 713 Kirby Street, Lake Charles, Louisiana, 70602;

### II. FACTS

3.

Plaintiff, Zanolia Dehart, was hired by defendants in July 2023 as a picker.

4.

Plaintiff, Zanolia Dehart, worked in the defendants' factories in Dulac, Louisiana.

5.

Plaintiff, Zanolia Dehart, worked full time for the defendants until October 2023 when the defendants cut the hours of all of the factory workers without explanation.

**RANDALL L. BETHANCOURT**
**JUDGE - DIVISION E**

6.

On December 4, 2023, plaintiff, Zanolia Dehart, received notice that the factories were closing on December 6, 2023 and that she and all of her co-workers would be out of a job.

7.

Defendants filed a separation notice with the Louisiana Workforce Commission on December 6, 2023 noting the company was relocating all production.

8.

**GULF ISLAND SHRIMP and SEAFOOD II, LLC** owned and operated the seafood plants/factories[1] in Dulac, Louisiana and employed the plaintiff and the putative class members.

9.

**BIG EASY FOODS OF LA, LLC** acquired **GULF ISLAND SHRIMP and SEAFOOD II, LLC** in 1999.

10.

Upon information and belief, **BIG EASY FOODS OF LA, LLC** made the decision to close the Dulac, LA factories.

11.

Upon information and belief, defendants have/had more than 100 employees.

### III. VENUE

12.

Venue is proper in Terrebonne Parish as the plants that were closed were in Terrebonne Parish, and the damages were caused in Terrebonne Parish.

### IV. WARN ACT

13.

Beginning on December 4, 2023, Defendants ordered a mass layoff and/or facility closing at the Dulac, LA factories, as those terms are defined by federal regulations including 29 USC sec. 2101 et seq.

14.

---

[1] Gulf Island Shrimp in Dulac, Louisiana, is comprised of two plants — Scottco and SeaTang — located right across the bayou from each other in Terrebonne Parish.

The mass layoff and/or facility closing resulted in employment loss as that term is defined by federal regulations including 29 USC sec. 2101 et seq.

15.

At all relevant times, defendants were employers of the putative class plaintiffs, as that term is defined by federal regulations including 29 USC sec. 2101 et seq.

16.

Plaintiff and putative class plaintiffs were terminated by the defendants without cause as part of the mass layoff and/or facility closing.

17.

Plaintiff and putative class plaintiffs are affected employees of the defendants.

18.

The defendants were required to give Plaintiff and putative class plaintiffs at least 60 days advance written notice of their termination in concurrence with the WARN Act, 29 USC sec. 2101 et seq.

19.

Defendants' actions violated the WARN Act, 29 USC sec. 2101 et seq.

20.

Plaintiff and putative class plaintiffs are aggrieved employees as that term is defined by federal regulations including 29 USC sec. 2101 et seq.

21.

Defendants failed to provide adequate written notice under the WARN Act, 29 USC sec. 2101 et seq.

22.

Defendants failed to pay plaintiff and putative class plaintiffs their respective wages, salary, commission, bonuses, accrued vacation and personal time off for sixty days following their respective terminations.

## PROPOSED CLASS DEFINITION

23.

The named putative class representatives seek the certification of the following class of persons:

> All former employees of **BIG EASY FOODS OF LA, LLC/ GULF ISLAND SHRIMP and SEAFOOD II, LLC** who worked in the Dulac, LA factories and who:
>
> a. Were terminated without cause beginning on or about December 4, 2023 and within 30 days of that date;
> b. Were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or facility closings ordered by defendants on or about December 4, 2023;
> c. Are affected employees, as that term is denied by the WARN Act.

Plaintiff brings this action on behalf of herself and all others similarly situated.

## V. CLASS ACTION ALLEGATIONS

### A. NUMEROSITY

24.

The proposed Class is so numerous that joinder is impractical. The disposition of the claims asserted herein through this class action will be more efficient and will benefit the parties and the Court. It is predicted that the class numbers over 50 persons.

### B. PREDOMINANCE OF COMMON QUESTIONS OF FACT AND LAW

25.

There is a well-defined community of interest in that the questions of law and fact common to the Class predominate over questions affecting only individual Class Members and include, but are not limited to, the following:

a. Whether defendants terminated the employees without cause beginning on or about December 4, 2023 and within 30 days of that date;

b. Whether putative class plaintiffs were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or facility closings ordered by defendants on or about December 4, 2023

c. The formula for the amount of damages Plaintiff and the Class Members should receive.

e. Whether defendants are liable under the WARN Act.

### C. TYPICALITY

26.

Plaintiff and the Class Members have suffered similar harm as a result of Defendants' actions including, but not limited to, respective wages, salary, commission, bonuses, accrued vacation and personal time off for sixty days following their respective terminations.

### D. ADEQUACY OF REPRESENTATION

27.

Plaintiff will fairly and adequately represent and protect the interests of the members of the Class because their interests do not conflict with the interests of the Class Members they seek to represent. Plaintiff has no claims antagonistic to those of the Class. Plaintiff has retained counsel competent and experienced in complex class actions and employment issues.

### E. SUPERIORITY

28.

A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class Members is impracticable. Even if every Class Member could afford individual litigation, the court system could not. It would be unduly burdensome to the Court in which individual litigation of hundreds of cases would proceed. Individual litigation presents a potential for inconsistent or contradictory judgments, and the prospect of a race for the courthouse and an inequitable allocation of recovery among those with equally meritorious claims. Individual litigation increases the expenses and delay to all parties and the court system in resolving the legal and factual issues common to all claims related to the Defendants' conduct alleged herein. By contrast, a class action presents far fewer management difficulties and provides the benefit of a single adjudication, economies of scale, and comprehensive supervision by a single court.

29.

The various claims asserted in the action are also certifiable under the provisions of *La CCP art. 591 et seq.* because:

    a. The prosecution of separate actions by numerous of individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class

Members, thus establishing incompatible standards of conduct for Defendants;

b. The prosecution of separate actions by individual Class Members would also create the risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class Members who are not parties to such adjudications and would substantially impair or impede their ability to protect their interests; and

c. The questions of law or fact common to the Members of the Class predominate over any questions affecting only individual Members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF, ZANOBIA DEHART, INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED PERSONS, PRAYS THAT:

I. Defendants be served with and cited to answer this petition;

II. This matter be certified as a Class Action under Louisiana law;

III. Defendants be found liable, individually, jointly, and/or *in solido*, unto plaintiffs for such damages as are recoverable under the WARN Act, together with legal interest thereon as allowed by law, and for all costs of this matter;

Plaintiff, Zanobia Dehart, individually and on behalf of a class of similarly situated persons, further prays for all full, just, and equitable relief as allowed by law.

Respectfully submitted,

MARTZELL, BICKFORD & CENTOLA

LAWRENCE J. CENTOLA, III (#27402)
SCOTT R. BICKFORD (#1165)
JEREMY LANDRY (#30588)
JASON Z. LANDRY (#33932)
338 Lafayette Street
New Orleans, LA 70130
(504) 581-9065
(504) 581-7635 (Facsimile)
lcentola@mbfirm.com

DAMON J. BALDONE (#21997)
DAMON J. BALDONE, APLC
162 New Orleans Blvd.
Houma, LA 70364
Phone: (985) 868-3427
Email: dbaldone@hotmail.com

FILED
DEC 14 2023
/s/ Shannon L. Bergeron
Deputy Clerk of Court
Parish of Terrebonne, LA

A TRUE COPY OF THE ORIGINAL
CLERK'S OFFICE, HOUMA
LA.     DEC 2 8 2023, 20
BY   India Francis
Deputy Clerk of Court

**SERVICE INFO ON NEXT PAGE**

**PLEASE SERVE:**

**BIG EASY FOODS OF LA, LLC**
through its agent for service
Mark T. Abraham
3935 Ryan Street
Lake Charles, Louisiana 70605

**GULF ISLAND SHRIMP and SEAFOOD II, LLC**
through its agent for service
Thomas Gayle
713 Kirby Street
Lake Charles, Louisiana 70602